UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DIONTE JERMAINE DAVIS,

    Plaintiffs,

v.                                      Case No. 3:24cv150-MCR-HTC

R. QUINN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Dionte Jermaine Davis, a prisoner proceeding *pro se*, files this action against six employees of the Santa Rosa Correctional Institution for constitutional violations stemming from a strip search. Doc. 1. Upon review, the undersigned recommends this case be dismissed without prejudice under 28 U.S.C. § 1915A(b)(1) as malicious for abuse of the judicial process due to Plaintiff's failure to fully disclose his litigation history.

I.    **STANDARD OF REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA"), the court shall review "as soon as practicable" any prisoner's complaint seeking redress from governmental employees and, upon such review, shall "dismiss the complaint, or

any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(a–b).

## II. FAILURE TO DISCLOSE

In Section VIII of the complaint form, Plaintiff is asked to identify his prior litigation history. That section begins by advising Plaintiff, in bold print, that he must disclose all "civil cases, habeas cases, and appeals" and that a failure to do so "may result in dismissal of this case." Doc. 1 at 9. It further advises Plaintiff to "err on the side of caution" if he is uncertain whether a case should be identified. *Id.*

Subsection C asks the following question: "Have you filed any other lawsuit, habeas corpus petition, or appeal in *state or federal court* either challenging your conviction or relating to the conditions of your confinement?" Doc. 1 at 11 (emphasis in original). Although Plaintiff did disclose some cases, upon investigation, the Court discovered Plaintiff's responses are false. Plaintiff failed to disclose at least three appeals, all of which were related to the conditions of his confinement: (1) *Davis v. Chitwood, et al.*, No. 20-13185 (11th Cir.), (2) *Davis v. Knox, et al.*, No. 24-10203 (11th Cir.), and (3) *Davis v. Knox, et al.*, No. 24-10473 (11th Cir.). Nonetheless, Plaintiff signed the complaint "under penalty of perjury, that all of the information stated above and included on or with this form, *including*

*my litigation history*, is true and correct." *Id.* at 13 (emphasis added).

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Thus, the Court should not allow Plaintiff's false response to go unpunished.

An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate

information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, at Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). Because Plaintiff's failure to truthfully disclose his litigation history was "malicious" under the PLRA, § 1915A(b)(1), this case must be dismissed. *See Allen v. Sanchez*, No. 5:23-CV-172-MCR-MJF, 2023 WL 9955912, at *2 (N.D. Fla. Sept. 6, 2023), *report and recommendation adopted*, No. 5:23-CV-172-MCR-MJF, 2024 WL 943936 (N.D. Fla. Mar. 5, 2024) (dismissing case as "malicious" for plaintiff's failure to disclose two appeals).

Accordingly, it is respectfully RECOMMENDED:

1.  This case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C.

§ 1915A(b)(1) as malicious for abuse of the judicial process due to Plaintiff's failure to accurately disclose his litigation history.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 26th day of April, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1.